UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW FALKOFF;<br>ALAN DARROW;<br>SHEILA SINGLETON-McKNIGHT;<br>TODOR JOVANOSKI;<br>BELGHAYS TORKZADEH;<br>DARYL WAINMAN;<br><br>          Plaintiffs,<br><br>vs.<br><br>PFIZER, INC.,<br><br>          Defendant. | Court File No. 07-3707 JMR/FLN<br><br><br><br><br><br>**COMPLAINT -**<br>**JURY TRIAL DEMANDED** |

Plaintiffs, Andrew Falkoff; Alan Darrow; Sheila Singleton-McKnight; Todor Jovanoski; Belghays Torkzadeh; and Daryl Wainman, by and through counsel undersigned, allege as their complaint against Defendant as follows:

### JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because this is an action by individual Plaintiffs who are citizens of a different state from the Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391. The drug Celebrex was prescribed for, purchased by, and ingested by individuals in the District of Minnesota. Defendant advertised in this District, received substantial compensation and profits from sales of the drug in this District, and made material omissions and misrepresentations and breached warranties in this District.

SCANNED
AUG 15 2007
U.S. DISTRICT COURT MPLS

372162-1

## THE PARTIES

3. Plaintiff, Andrew Falkoff, at all times relevant hereto, is a citizen and resident of the State of New Jersey and suffered injury as a result of his Celebrex use.

4. Plaintiff, Alan Darrow, at all times relevant hereto, is a citizen and resident of the State of California and suffered injury as a result of his Celebrex use.

5. Plaintiff, Sheila Singleton-McKnight, at all times relevant hereto, is a citizen and resident of the State of California and suffered injury as a result of her Celebrex use.

6. Plaintiff, Todor Jovanoski, at all times relevant hereto, is a citizen and resident of the State of New Jersey and suffered injury as a result of his Celebrex use.

7. Plaintiff, Belghays Torkzadeh, at all times relevant hereto, is a citizen and resident of the State of California and suffered injury as a result of his Celebrex use.

8. Plaintiff, Daryl Wainman, at all times relevant hereto, is a citizen and resident of the State of California and suffered injury as a result of his Celebrex use.

9. Defendant, Pfizer, Inc., (hereinafter "Pfizer") is a Delaware corporation, authorized to do and doing business in the State of Minnesota, and has its principal place of business in New York.

## FACTUAL ALLEGATIONS

10. Pfizer was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling their product, Celebrex. Defendant, at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold Celebrex in Minnesota.

11. Plaintiffs ingested Celebrex as prescribed and, as a result thereof, suffered injuries; including heart attack and stroke.

372162-1                                    2

12. At all times relevant herein, Plaintiffs were unaware of the serious side effects and dangerous properties of the drug as set forth herein.

13. The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as Celebrex.

14. Celebrex is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on December 31, 1998, for the treatment and management of acute pain in adults, and for the treatment of symptoms of osteoarthritis.

15. As of April 11, 2005, Defendant had refused to withdraw Celebrex from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of Celebrex.

16. Defendant materially breached their obligations to consumers, such as the Plaintiffs, including, but not limited to, its design, testing, the manufacture, design, warning, marketing, warranting, and sale of Celebrex.

17. Defendant expressly and/or impliedly warranted to the market, including the Plaintiffs, by and through statements made by Defendant or their authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Celebrex was safe, effective, fit and proper for its intended use.

18. Defendant was aware of the substantial risks from taking Celebrex but failed to fully disclose same.

19. Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiffs, making the Defendant liable for the Plaintiffs' injuries.

## COUNT I: NEGLIGENCE

20. Plaintiffs restate each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

21. Defendant, directly or indirectly, negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised, or sold Celebrex (celecoxib) in the stream of commerce in the State of Minnesota, when the Defendant knew, or in the exercise of ordinary care, should have known, that Celebrex posed a significant risk to Plaintiffs' health and well-being, which risk was not known to Plaintiffs or their prescribers.

22. At all times material hereto, Defendant had a duty to Plaintiffs to exercise reasonable care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling or sale of Celebrex (celecoxib).

23. Defendant breached its duty and was negligent in its actions, misrepresentations, and omissions toward Plaintiffs in that the Defendant:

> a. Failed to include adequate warnings with the medications that would alert Plaintiffs and other consumers to the potential risks and serious thrombotic and cardiovascular side effects of Celebrex ingestion;
>
> b. Failed to include adequate information or warnings with the medication that would alert Plaintiffs and the health care community to refrain from use of Celebrex without first prescribing traditional NSAIDs such as naproxen or ibuprofen;
>
> c. Failed to adequately and properly test Celebrex before and after placing it on the market;
>
> d. Failed to conduct sufficient testing on Celebrex which, if properly performed, would have shown that Celebrex had serious side effects, including, but not limited to the cardiovascular events described above;
>
> e. Failed to adequately warn Plaintiffs and their health care providers that use of Celebrex carried a risk of cardiovascular events, stroke and death; among other serious side effects;

f. Failed to provide adequate post-marketing warnings or instructions after the Defendant knew or should have known of the significant risks of personal injury and death as identified herein among other serious side effects from the use of Celebrex;

g. Failed to adequately warn Plaintiffs that Celebrex should not be used in conjunction with any risk factors for these adverse effects such as a family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

h. Failed to adequately disclose and warn Plaintiffs that they undertook the risk of adverse events and death as described herein;

i. Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Celebrex ingestion as described herein.

24. Defendant knew or should have known that Celebrex caused unreasonably dangerous risks and serious side effects, including death, of which Plaintiffs would not be aware. Defendant nevertheless advertised, marketed, sold and distributed the drug knowing that there were safer methods and products.

25. As a direct and proximate result of the negligence and breach of Defendant, Plaintiffs sustained serious injury. Defendant owed a duty to Plaintiffs to use reasonable care in their actions. Defendant's failure to use reasonable care proximately caused Plaintiffs' injuries.

## COUNT II: STRICT LIABILITY

26. Plaintiffs restate each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

27. Plaintiffs ingested Celebrex, a medication that was either manufactured, distributed, sold, prescribed and/or otherwise put into the stream of commerce by the Defendant. Plaintiffs would show that the defective condition of Celebrex rendered it unreasonably dangerous, and that said Celebrex was in this defective condition at the time it left the hands of the Defendant.

372162-1

5

28. The Defendant engaged in the manufacture, distribution, sale and/or prescription of pharmaceutical medications. Celebrex, without substantial change in the condition in which it was sold, was a proximate cause of Plaintiffs' injuries.

29. Plaintiffs were unaware of the significant hazards and defects in the Celebrex medication. Therefore, the Celebrex medication was unreasonably dangerous in that it was more dangerous than would be reasonably contemplated by the ordinary user. During the periods that Plaintiffs were taking Celebrex, the medication was being utilized in a manner which was intended by Defendant.

30. Defendant designed, manufactured and/or placed into the stream of commerce the product, which reached Plaintiffs in the same or substantially the same condition in which it was sold. Upon purchase by Plaintiffs, the product in question was represented to be safe and free from latent defects.

31. Defendant is strictly liable to Plaintiffs for designing, manufacturing, and placing into the stream of commerce the product which was unreasonably dangerous for its reasonably foreseeable uses at the time it left the control of Defendant because of the design defects which were a producing cause of the occurrence in question.

32. The product in question was defectively marketed by Defendant with respect to its failure to warn, adequately warn, or instruct in the safe use of the product and such defect was a producing cause of the occurrence in question.

33. Plaintiffs, therefore, invoke the Doctrine of Strict Liability, Section 402A, Restatement (Second) of Torts.

34. Defendant was negligent in the design and marketing of the product in question. Defendant knew, or in the exercise of ordinary care should have known, that the product was

defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendant was negligent in the particulars set forth in this and the preceding paragraphs and such negligence was a proximate cause of the occurrence in question.

35. Defendant owed Plaintiffs the duty of reasonable care when they tested, designed, manufactured, and marketed the product in question. Defendant violated their duty and were negligent in the particulars set forth herein.

36. Defendant is also strictly liable to Plaintiffs under Section 402B of the Restatement (Second) of Torts in misrepresenting to the public that its product was safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of the product in question, and upon which representations the consumer constructively relied, and which constituted a producing cause of the injury at issue.

37. Further, each of the above and foregoing acts or omissions of Defendant was more than momentary thoughtlessness, inadvertence, or error of judgment. Such acts or omissions constituted such an entire want of care as to establish that the acts or omissions were the result of actual conscious indifference to the rights, safety, or welfare of the person or persons affected.

**COUNT III: MISREPRESENTATION AND SUPPRESSION**

38. Plaintiffs restate each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

39. Defendant misrepresented to Plaintiffs and the health care industry the safety and effectiveness of Celebrex and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Celebrex.

40. Defendant made misrepresentations and actively concealed adverse information at a time when the Defendant knew, or should have known, that Celebrex had defects, dangers, and characteristics that were other than what the Defendant had represented to Plaintiffs and the health care industry generally. Specifically, Defendant misrepresented to and/or actively concealed from Plaintiffs, the health care industry and consuming public that:

   a. Celebrex had statistically significant increases in cardiovascular side effects, including without limitation thrombosis, myocardial infarction and sudden onset death, as identified herein which could result in serious injury or death;

   b. There had been insufficient and/or company-spun studies regarding the safety and efficacy of Celebrex before and after its product launch;

   c. Celebrex was not fully and adequately tested for the cardiovascular side effects at issue herein;

   d. Other testing and studies showed the risk of or actual serious adverse risks; and/or that

   e. There was a greatly increased risk of such cardiovascular events and death; there was a confirmed mechanism by which these thrombotic or cardiovascular events occurred as reported in the scientific literature.

41. The misrepresentations of and/or active concealment alleged were perpetuated directly and/or indirectly by Defendant.

44. Defendant knew or should have known that these representations were false and made the representations with the intent or purpose that Plaintiffs would rely on them, leading to the use of Celebrex.

372162-1

8

42. At the time of Defendant's fraudulent misrepresentations, Plaintiffs were unaware of the falsity of the statements being made and believed them to be true. Plaintiffs had no knowledge of the information concealed and/or suppressed by Defendant.

43. Plaintiffs justifiably relied on and/or were induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendant did suppress, conceal or failed to disclose to Plaintiffs' detriment.

44. Defendant had a post-sale duty to warn Plaintiffs and the public about the potential risks and complications associated with Celebrex in a timely manner.

45. The misrepresentations and active fraudulent concealment by the Defendant constitutes a continuing tort against Plaintiffs, who ingested Celebrex.

46. Defendant made the misrepresentations and actively concealed information about the defects and dangers of Celebrex with the intention and specific desire that Plaintiffs' health care professionals and the consuming public would rely on such or the absence of information in selecting Celebrex as treatment.

47. As a direct and proximate result of the fraudulent acts and omissions, suppression and misrepresentation of Defendant, Plaintiffs suffered significant and ongoing injury and damages.

**COUNT IV: BREACH OF WARRANTIES (EXPRESS AND IMPLIED)**

48. Plaintiffs restate each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

49. When Defendant placed Celebrex into the stream of commerce, Defendant knew of the use for which it was intended and expressly and impliedly warranted to Plaintiffs that use of Celebrex was a safe and acceptable means of treatment.

50. Plaintiffs reasonably relied upon the expertise, skill, judgment and knowledge of the Defendant and upon the express and/or implied warranty that Celebrex was of merchantable quality and fit for use as intended.

51. Celebrex was not of merchantable quality and was not safe or fit for its intended use because it was and continues to be unreasonably dangerous and unfit for the ordinary purposes for which it is used in that it caused injury to Plaintiffs. Pfizer breached the warranty because Celebrex was unduly dangerous in expected use and did cause undue injury to Plaintiffs.

52. As a direct and proximate result of Defendant's breach of the warranty of merchantability, Plaintiffs sustained serious and permanent injuries.

**COUNT V: VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT**

53. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

54. The Uniform Deceptive Trade Practices Act prohibits falsely advertising or representing the quality and/or ingredients of goods or merchandise sold in the United States.

55. Defendant engaged in acts and practices, as described in this Complaint, which mislead the general public in violation of these consumer protection statutes. Defendant has advertised, marketed and sold this drug through the use of misleading, incomplete and deceptive advertising, promotion and product identification, in violation of the consumer protection statutes of this State.

56. At all times herein Defendant violated the Uniform Deceptive Trade Practices Act by disseminating untrue and misleading statements and engaging in conduct likely to deceive consumers, by engaging in acts and practices with intent to induce Plaintiffs to use Celebrex.

57. This conduct includes, but is not limited to, representing to Plaintiffs that Celebrex, and all its ingredients, were safe, fit and effective for human consumption, knowing that said representations were false, and concealing from Plaintiffs that said product had a serious propensity to cause injuries to users, and purposely downplaying and understating the health hazards and risks associated with this drug.

58. The foregoing practices constitute false and misleading advertising, unlawful trade practices, and deceptive trade practices within the meaning of the Uniform Deceptive Trade Practices Act.

59. As a result of its conduct described above Defendant has been, and will be, unjustly enriched. Specifically, Defendant has been unjustly enriched by receipt of millions of dollars from the sale of said drug, sold in large part as a result of the acts and omissions described herein.

60. Because of the fraudulent misrepresentations made by Defendant as detailed above, and the inherently unfair practice of committing a fraud against the public by misrepresenting and concealing material information, the acts of Defendant described herein constitute a deceptive trade practice.

61. As a direct and proximate result of Defendant's violation of the Uniform Deceptive Trade Practices Act, Plaintiffs suffered injuries and damages as alleged herein.

### COUNT VI: UNJUST ENRICHMENT

62. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

63. Defendant accepted payment from Plaintiffs for the purchase of Celebrex.

64. Plaintiffs did not receive a safe and effective drug for which they paid.

65. It would be inequitable for Defendant to retain this money because Plaintiffs did not, in fact, receive a safe and efficacious drug.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory and other damages, as well as all costs of this action, to the full extent of the law, including:

(A) Damages to compensate Plaintiffs for injuries sustained as a result of Celebrex use, past and future lost income, and future medical expenses as proven at trial;

(B) Physical pain and suffering of Plaintiffs;

(C) Pre and post-judgment interest at the lawful rate;

(D) Reasonable attorney's fees and costs; and

(E) Such other applicable damages as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Date: August 15, 2007

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: _____
Robert K. Shelquist, #21310X
Yvonne M. Flaherty, #267600
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981

**GIRARDI AND KEESE**
Paul Sizemore
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Telephone: 213-977-0211
Facsimile: 213-481-1554
*Attorneys for Plaintiff*

372162-1

12

# LOCKRIDGE GRINDAL NAUEN
### P.L.L.P.
ATTORNEYS AT LAW

SUITE 2200
100 WASHINGTON AVENUE SOUTH
**MINNEAPOLIS, MINNESOTA 55401-2179**

TELEPHONE (612) 339-6900
FACSIMILE (612) 339-0981

SUITE 210
415 SECOND STREET, N.E.
**WASHINGTON, D.C. 20002-4900**

TELEPHONE (202) 544-9840
FACSIMILE (202) 544-9850

WWW.LOCKLAW.COM

ROBERT J. SCHMIT
RICHARD A. LOCKRIDGE
CHARLES N. NAUEN*
H. THEODORE GRINDAL
W. JOSEPH BRUCKNER
CHRISTOPHER K. SANDBERG
J. MICHAEL SCHWARTZ
BERT BLACK**
HARRY E. GALLAHER
WILLIAM A. GENGLER
ERIC C. TOSTRUD*
ROBERT K. SHELQUIST
HENRI G. MINETTE
GREGG M. FISHBEIN
SUSAN E. ELLINGSTAD
KAREN HANSON RIEBEL
HEIDI M. SILTON
GREGORY J. MYERS

OF COUNSEL
DANIEL A. FARBER***
ELIZABETH A. SNELSON
BRADLEY W. ANDERSON
PATRICIA A. BLOODGOOD*

*ALSO ADMITTED IN WISCONSIN
**ALSO ADMITTED IN TEXAS
***ADMITTED IN WASHINGTON, D.C. ONLY

YVONNE M. FLAHERTY
DARLA JO BOGGS
LISA M. POLLARD****
DAVID J. ZOLL
NATHAN D. PROSSER
ELIZABETH R. ODETTE
DAVID W. ASP
R. REID LEBEAU II
CARMEN B. COPHER
SARAH M. RUSSELL

****ADMITTED IN NEW YORK ONLY

GOVERNMENT RELATIONS†
DENNIS M. MCGRANN
DOUG D. STANG
ALLYSON J. HARTLE
REBECCA K. KLETT
MATTHEW S. SCHAFER
ALAYNE M. FAIR
BRIAN M. WILLIAMS
MEGAN G. HELGE
EMILY J. GEHRMAN

† NON-ATTORNEY LOBBYISTS



August 15, 2007

**VIA MESSENGER**
Clerk of Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: *Andrew Falkoff, et al. v. Pfizer, Inc.*

Dear Clerk of Court:

Enclosed for filing in the above-referenced matter is a Summons, Complaint, and Civil Cover Sheet. I have also enclosed a check in the amount of $350.00 to cover the filing fee.

Please sign the Summons, file-stamp the copy of the Complaint and return to the messenger for return to my office.

If you have any questions, please feel free to contact me.

Very truly yours,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Yvonne M. Flaherty

YMF/brg
Enclosures

372387-1