## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| **ANDREW FALKOFF, ALAN DARROW, SHEILA SINGLETON-McKNIGHT, TODOR JOVANOSKI, BELGHAYS TORKZADEH, and DARYL WAINMAN,** | Case No.: 07-CV-3707-JMR-FLN |
| **Plaintiffs,** | **DEFENDANT PFIZER INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| **v.** | |
| **PFIZER, INC.,** | |
| **Defendant.** | **Jury Trial Demanded** |

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

### I.
### PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Celebrex® (celocoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Celebrex®.

### II.
### ORIGINAL ANSWER

### Response to Allegations Regarding Jurisdiction and Venue

1. Defendant is without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits

that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2.      Defendant is without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies committing a tort in the States of Minnesota, New Jersey, and California, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Parties

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's

citizenship and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

9.      Defendant admits that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendant admits that Pfizer is registered to and does business in the State of Minnesota.  Defendant denies the remaining allegations in this paragraph of the Complaint.

### Response to Factual Allegations

10.     Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Minnesota, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' medical condition and whether Plaintiffs used Celebrex®, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs

injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

12.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

13.     Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Minnesota, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

14.     Defendant admits that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendant states that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendant admits that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.  Defendant denies the remaining allegations in this paragraph of the Complaint.

15.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-

approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

<u>**Response to First Cause of Action: Negligence**</u>

20.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all time-s adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

22.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant denies the remaining allegations in this paragraph of the Complaint.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that

Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

24.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

25.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

## Response to Second Cause of Action: Strict Liability

26.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to

prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

31.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

32.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

33.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

34.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

35.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

36.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

37.     Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Misrepresentation and Suppression

38.     Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

39.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

40.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

41.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

*       Plaintiffs' Complaint places Paragraphs 42 and 43 after Paragraph 44.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

42.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

44. Answering the second Paragraph 44 of the Complaint, Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

46. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

47.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Express and Implied Warranties**

48.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

49.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant admits that it provided FDA-approved prescribing

information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

52.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Fifth Cause of Action: Uniform Deceptive Trade Practices Act

53.     Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

54.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph of the Complaint.

55.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

56.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required,

Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

57.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

58.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

59.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

60.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

61.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Unjust Enrichment

62.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

63.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether

Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs injury or damage, and denies the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

## III.
## GENERAL DENIAL

Defendant denies the allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

## IV.
## AFFIRMATIVE DEFENSES

### First Defense

1.　　Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

### Second Defense

2.　　The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

3.　　Celebrex® is a prescription medical product.　The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products.  Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Fourth Defense

4.　　At all relevant times, Defendant provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fifth Defense

5.      At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

### Sixth Defense

6.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

### Seventh Defense

7.      Plaintiffs' action is barred by the statute of repose.

### Eighth Defense

8.      Plaintiffs' claims against Defendant are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

### Ninth Defense

9.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Tenth Defense

10.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Eleventh Defense

11.      Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Twelfth Defense**

12.     Defendant affirmatively denies that it violated any duty owed to the Plaintiffs.

**Thirteenth Defense**

13.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Fourteenth Defense**

14.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fifteenth Defense**

15.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Sixteenth Defense**

16.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Seventeenth Defense**

17.     Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Eighteenth Defense

18.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

### Nineteenth Defense

19.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Twentieth Defense

20.     Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twenty-first Defense

21.     Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et seq.*

### Twenty-second Defense

22.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-third Defense

23.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    Plaintiffs' claims are barred under § 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### Thirtieth Defense

30.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirty-first Defense

31.     The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution, Article I, § 17 of the Constitutions of the States of Minnesota, New Jersey, and California, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-second Defense

32.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of California, New Jersey, and Minnesota law, including, but not limited to, Minn. Stat. § 549.191 (2006).

### Thirty-third Defense

33.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-fourth Defense

34.     Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fifth Defense

35.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-sixth Defense

36.     Plaintiffs failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-seventh Defense

37.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

**Thirty-eighth Defense**

38.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-ninth Defense**

39.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, applicable provisions of the Constitutions of the States of Minnesota, New Jersey, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages

awards; and (8) otherwise fails to satisfy the United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Fortieth Defense

40.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Forty-first Defense

41.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-second Defense

42.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### Forty-third Defense

43.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-fourth Defense

44.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fifth Defense

45.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendant's conduct.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

### Forty-seventh Defense

47.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-eighth Defense

48.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-ninth Defense

49.     The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Fiftieth Defense

50.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fifty-first Defense

51.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-second Defense**

52. Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-third Defense**

53. Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-fourth Defense**

54. The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fifth Defense**

55. Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-sixth Defense**

56. Defendant states on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in

California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-seventh Defense

57.    Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.   Therefore, Plaintiffs' recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-eighth Defense

58.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred. Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-ninth Defense

59.    The New Jersey Consumer Fraud Act is inapplicable to the actions herein because the FDA comprehensively regulates the conduct alleged herein.

### Sixtieth Defense

60.    The claims are barred, in whole or in part, because Plaintiffs are not a "buyer[s]" as defined by the Uniform Commercial Code.

### Sixty-first Defense

61.    Plaintiffs lack standing to bring this action and it, therefore, should be dismissed.

### Sixty-second Defense

62.    The claims against Defendant are barred because Defendant did not violate the Consumer Fraud Act, and/or it was not applicable to this matter.

### Sixty-third Defense

63.     Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of New Jersey, or any other law found applicable in this action.

### Sixty-fourth Defense

64.     To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendant, unless Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of New Jersey.

### Sixty-fifth Defense

65.     To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendant, any such claim of Plaintiffs for punitive damages against Defendant cannot be maintained unless the trial is bifurcated.  Any award of punitive damages under New Jersey law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of New Jersey.

### Sixty-sixth Defense

66.     To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendant, any such claim of Plaintiffs for punitive damages against Defendant cannot be maintained, because any award of punitive damages under New Jersey law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the

appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would be improper under the common law and public policies of their various states of citizenship.

## Sixty-seventh Defense

67.    To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendant, any award of punitive damages based on anything other than Defendant's conduct in connection with the specific Celebrex® products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and would be improper under the common law and public policies of the State of New Jersey, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong and against punishment for extraterritorial conduct, including especially conduct that is lawful in states other than the State of New Jersey.  In addition, any such award would violate principles of comity under the laws of the State of New Jersey.

### Sixty-eighth Defense

68.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Sixty-ninth Defense

69.     Defendant reserves the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

## V.
## JURY DEMAND

Defendant hereby demands a trial by jury.

## VI.
## PRAYER

WHEREFORE, Defendant prays that Plaintiffs take nothing by their suit; that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.


Dated:  September 7, 2007                    FAEGRE & BENSON LLP

*s/ Joseph M. Price*
Joseph M. Price, # 88201
Erin M. Verneris # 0335174
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
T (612) 766-7000
F (612) 766-1600

*Attorneys for Defendant Pfizer Inc*